## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | Case No. 17-05154-dd |
| Janet S. Frazier, | Chapter 7 |
| Debtor. | AMENDED ORDER[1] |

This matter is before the Court on the Motion to Compel Compliance with 11 U.S.C. § 521(a)(2) and to Delay Entry of Discharge ("Motion") filed by 21st Mortgage Corporation [Docket No. 10] on January 26, 2018. 21st Mortgage attempted to withdraw the Motion once Debtor, Janet S. Frazier, filed a reaffirmation agreement. A hearing was set to consider the reaffirmation agreement because a presumption of undue hardship arises in the agreement. The Court continued the hearing on the Motion to coincide with the hearing on the reaffirmation agreement, rather than allowing it to be withdrawn. A hearing on the Motion and the reaffirmation agreement was held on March 6, 2018. At the conclusion of the hearing, the Court took the matters under advisement and allowed the parties to submit supplemental briefs, which the parties did. 21st Mortgage's Motion is denied.

## **FACTS**

On March 31, 1998, Debtor entered into a Manufactured Home Retail Installment Contract, Security Agreement and Disclosure Statement with Chase Manhattan Bank U.S.A., N.A., under which she borrowed $29,201.00 to finance a 1997 Brigadier manufactured home. Debtor granted a security interest in the manufactured home to secure repayment of the indebtedness. Chase Manhattan Bank U.S.A. later merged with J.P. Morgan & Co. and became JPMorgan Chase Bank,

---

[1] The order was signed on March 23, 2018 and entered on March 26, 2018. Pursuant to Federal Rule of Civil Procedure 60(a), the Court is correcting scrivener's errors throughout the document on April 10, 2019.

National Association.  JPMorgan Chase Bank later appointed 21st Mortgage Corporation as its attorney-in-fact (21st Mortgage).

Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on October 16, 2017.  Debtor's schedules list 21st Mortgage as a secured creditor.  Debtor also filed a Chapter 7 Individual Debtor's Statement of Intention with respect to the debt secured by the manufactured home.  The statement of intention is a check-the-box form offering the choice of "Surrender the property;" "Retain the property and redeem it;" "Retain the property and enter into a Reaffirmation Agreement;" and "Retain the property and [explain]."  Debtor checked the retain and explain box with the stated notation that she intends to "Keep making regular payments."

The chapter 7 trustee held and concluded the meeting of creditors on November 29, 2017.  There is no impediment to closing the case and granting Debtor a discharge other than the pending Motion and consideration of the proposed reaffirmation agreement.

At the hearing on the Motion, Debtor testified that she is current on her payments to 21st Mortgage and that her intention was to retain the manufactured home and continue making payments. She stated that losing the home and moving to a different residence would be a real hardship for her.  Debtor testified that she lives in the mobile home with her elderly mother and that she is her mother's sole caregiver.  Debtor testified her elderly mother has severe health problems.  Debtor testified that she has always maintained her payments to 21st Mortgage in a current status. Debtor testified that her attorney notified her early in the case that 21st Mortgage had sent a proposed reaffirmation agreement, and after days of contemplating it, Debtor signed the reaffirmation agreement because keeping her home was the most important thing to her.  This reaffirmation agreement was not filed.  Debtor stated that when she became aware of 21st Mortgage's motion to delay discharge she felt she had no choice but to enter into a reaffirmation

2

agreement even though her budget suggests this would be a hardship. She signed a second reaffirmation agreement, and Debtor's attorney forwarded it to 21st Mortgage for filing with the Court. The second reaffirmation agreement was filed on February 5, 2018. Debtor's attorney had other counsel appear with Debtor at the hearing on 21st Mortgage's Motion. It is not clear what happened with the first agreement.

## Discussion

Debtor timely filed a statement of intention indicating her intent to retain the manufactured home, but instead of specifying an intent to redeem the property or reaffirm the debt secured by the property, Debtor stated an intent to retain the manufactured home and continue to pay the debt to 21st Mortgage. After 21st Mortgage filed the Motion, Debtor filed an Amended Statement of Intent indicating she would retain the manufactured home and enter into a reaffirmation agreement. 21st Mortgage filed a signed reaffirmation agreement on February 5, 2018. The reaffirmation agreement gives rise to a presumption of undue hardship; Debtor's disposable income is –$470.93 per month. Debtor testified at the hearing that she has cut other already modest expenses or simply done without in order to remain current with 21st Mortgage.

21st Mortgage argues that the Bankruptcy Code restricts Debtor to three, and only three, options with respect to the manufactured home: 1) surrender it; 2) retain and redeem it; or 3) retain it and reaffirm the associated debt. 21st Mortgage argues the law does not permit Debtor to just retain the property and "keep making regular payments" because there is no longer a "ride through" option under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). 21st Mortgage argues further that the Court should compel Debtor to select one of the three options and otherwise comply with 11 U.S.C. § 521(a)(2). As noted, Debtor has filed an amended statement of intention, thus there is nothing for the Court to do in that regard. 21st

3

Mortgage's Motion requests that the Court delay issuance of a discharge in this case until Debtor has fully complied with 11 U.S.C. § 521(a)(2) and performed one of the required intentions.

In support of this position, 21st Mortgage cites three unpublished opinions from other jurisdictions in which 21st Mortgage filed similar motions and was granted an order delaying entry of discharge. *See In re Kinkead*, 15-12516 (Bankr. W.D.Okla. 2015); *In re Jeanfreau*, 13-50015 (Bankr. S.D.Miss. 2013); *In re Goulas*, 17-52567 (Bankr. W.D.Tx. 2017).

The Fourth Circuit has held that BAPCPA eliminated the ride through option. *See DaimlerChrysler Fin. Servs. Americas, LLC v. Jones (In re Jones)*, 591 F.3d 308 (4th Cir. 2009).[2] Therefore, it is not in dispute that Debtor did not initially comply with the requirements of § 521(a)(2). This dispute revolves around the remedy available when a debtor fails to comply with the requirements of § 521. Resolution of the dispute requires the Court to examine and apply §§ 521(a)(2), 521(a)(6) and 362(h).

**1) Individual Debtor's Duties with Respect to Personal Property that Secures a Debt**

Section 521 of the Bankruptcy Code sets forth the duties of a debtor. 21st Mortgage requests an order compelling Debtor to perform her duties under § 521(a)(2) with respect to the manufactured home. Section 521(a)(2) imposes two duties that only apply — like here — when the debtor is an individual, and the debtor's schedules include a debt that is secured by property of the estate. Section 521(a)(2)(A) directs an individual debtor to, "within thirty days after the date of the filing of a petition under chapter 7 of this title…file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor

---

[2] The court in *Jones* left open the question of whether the "back-door ride through" was still an option after BAPCPA. *See Jones*, 591 F.3d at n. 3.

4

intends to reaffirm debts….." Regardless of the election, § 521(a)(2)(B) imposes a duty on the debtor to perform the intention within 30 days after the first date set for the § 341(a) meeting of creditors.

Section 521(a)(6) states that in a case under chapter 7 in which the debtor is an individual, the debtor shall "not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the meeting of creditors," either enters into a reaffirmation agreement pursuant to § 524(c) or redeems the property pursuant to § 722.

2) **What legal remedies are available to a creditor when a debtor fails to perform her duties under § 521?**

21st Mortgage argues it does not have an adequate remedy available to it other than to request the Court to compel Debtor to comply with § 521, by filing an amended statement of intention and entering into a reaffirmation agreement. However, the Bankruptcy Code supplies a remedy and, the Court should not develop its own remedies.

BAPCPA added several provisions to the Bankruptcy Code that provide the consequences for failure to perform the § 521 duties. Two provisions, one in § 521 and one in § 362, apply when an individual debtor fails to perform her duties under § 521(a)(2). A third provision applies when an individual debtor does not comply with § 521(a)(6).

An unnumbered paragraph added after § 521(a)(2)(B), provides that "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h)." This provision "is a limiting provision that clarifies what the performance or non-performance of the statutory duties

5

of § 521(a)(2)(A) and (B) does *not* do: it does not alter the debtor's or the trustee's rights to the subject property." *In re McCray*, 578 B.R. 403, 409 (Bankr. E.D.Mich. 2017).

The second provision added by BAPCA is found in § 362(h), the section referenced in the unnumbered paragraph discussed above. Section 362(h)(1) provides the remedy that 21st Mortgage claims does not exist. Section 362(h)(1) states:

> "In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate…and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)—(A) to file timely any statement of intention required under section 521(a)(2)…and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c)…; and (B) to take timely the action specified in such statement, as it may be amended before expiration of the period of taking action…"

Section 362(h)(1) expressly provides for two legal consequences when an individual debtor fails to timely perform her duties imposed by § 521(a)(2)(A) and (B) with respect to personal property that secures a debt: the automatic stay of § 362(a) is lifted as to such personal property that is property of the estate or property of the debtor, and the property is no longer property of the estate.

The third provision added by BAPCPA that imposes a consequence when an individual debtor fails to perform her duties regarding personal property that secures a debt is found in § 521(a)(6). Those duties are discussed above. In addition to imposing those duties, § 521(a)(6) is modified by a provision, denoted with an asterisk and sometimes referred to as a "hanging" paragraph. The hanging paragraph provides that if a debtor fails to timely take the action required by § 521(a)(6), the automatic stay imposed by § 362(a) is terminated with respect to the personal property of the estate or property of the debtor, and the personal property no longer is property of the estate. The hanging paragraph goes on to provide, in such circumstances, that "the creditor

may take whatever action as to such property as is permitted by applicable nonbankruptcy law." The duty imposed by § 521(a)(6) is important in this case, because Debtor failed to either enter into a reaffirmation agreement, or redeem the property, within 45 days after the first meeting of creditors. Therefore, 21st Mortgage should have looked to the remedy provided in the hanging paragraph of § 521(a)(6) for its remedy. As the hanging paragraph expressly states, failure to act under § 521(a)(6) results in the termination of the stay under § 362(a), the property is no longer property of the estate, and the creditor may take whatever action as is permitted by applicable nonbankruptcy law.

At the hearing, 21st Mortgage argued that the remedy provided in the Bankruptcy Code is insufficient because in cases, such as this one, where the debtor is current in payments 21st Mortgage has no non-bankruptcy law remedy even if the automatic stay is lifted. In other cases, involving 21st Mortgage, 21st Mortgage requested the court to do more "because, it explains, enforcing applicable non-bankruptcy remedies can frequently be difficult and expensive." *In re McCray*, 578 B.R. at 413. Additionally, 21st Mortgage may be concerned by the majority view adopting the "back-door ride through" mentioned in footnote one above. However, as the other courts have found, the Bankruptcy Code does not give the Court the authority to craft remedies to assist a creditor in enforcing non-bankruptcy law remedies. *See id.*

In 21st Mortgage's supplemental brief, received by email and later filed, it relies on *In re Marquez*, No. 17-60594, 2017 WL 5438306 (Bankr. W.D. Tex. Nov. 13, 2017), a recent opinion involving 21st Mortgage from the United States Bankruptcy Court for the Western District of Texas. In *Marquez*, the debtors filed a statement of intention that indicated they intended to retain their mobile home and would "continue to make payments to creditor without reaffirming." *Id.* at *1. As in this case, 21st Mortgage filed a motion to compel debtors to perform their duties under

§ 521(a)(2) by filing an amended statement of intention. The creditor's motion also asked the court to delay granting the debtors a discharge until they performed their duties under § 521(a)(2). *Id.*

The court in *Marquez* agreed with 21st Mortgage that the Bankruptcy Code did not permit the debtors to have their mobile home "ride through" their case and granted 21st Mortgage's motion. The court relied on the reasoning of *Taylor v. AGE Federal Credit Union*, 3 F.3d 1512 (11th Cir. 1993), a case decided prior to BAPCPA, that pointed to numerous policy reasons in limiting the debtor to only three options in eliminating a ride through. The argument that these policy reasons support deferring a discharge, as 21st Mortgage requests here, fails to recognize that in the time since *Taylor* Congress has created a statutory remedy. The court in *Marquez* went on to find that because the debtors were current and foreclosure would not be immediately available (if ever) to 21st Mortgage there was a unique situation that compelled the court to take further action. *Marquez,* 2017 WL 5438306 at *4. This Court is not persuaded that it can or should create a further remedy, nor that such a remedy is necessary.

As other courts that have denied 21st Mortgage's motion to compel compliance have reasoned, "because the Bankruptcy Code itself provides the remedy with regard to the property as a consequence of Debtor's noncompliance with duties under § 521(a)(2)(A) and (B), and § 521(a)(6), 21st Mortgage is not entitled to an order compelling Debtors to enter into a reaffirmation agreement, redeem the Manufactured Home, or surrender the property as a result of Debtors' failure to carry out their duties under § 521(a)(2) or § 521(a)(6)." *See In re Williamson*, 540 B.R. 460, 467 (Bankr. D.N.M. 2015). It may request confirmation that the stay has terminated with respect to its collateral and that the collateral is no longer property of the estate. In fact, § 362(j) permits parties such as 21st Mortgage to request confirmation that the stay is terminated as to the

8

collateral because it is no longer property of the estate, as recognized by § 362(c)(1). This Court's local rules expedite this procedure and permit it on an ex parte basis. *See* South Carolina Local Bankruptcy Rule 4001-1(e).

3) **Should the Court delay an individual debtor's discharge for failure to perform her duties with respect to personal property that secures a debt?**

Section 727(a) of the Bankruptcy Code states that, in a chapter 7 case, "the court shall grant the debtor a discharge, unless" one of the specific statutory grounds to deny discharge are present. 21st Mortgage requests that the Court delay issuance of a discharge to Debtor until she has fully complied with 11 U.S.C. § 521(a)(2) and performed one of the required intentions. 21st Mortgage cites *In re Goulas*, 17-52567 (Bankr. W.D. Tex., Dec. 19, 2017) as authority for delaying a debtor's discharge for failure to comply with § 521(a)(2).

The court in *Marquez* held that in the "unique facts of this case," the debtors' discharge "will be suspended" until they "amend their SOI and performed their stated intention." *Marquez*, 2017 WL 5438306 at *6. The court did not identify its authority to "suspend" the granting of a discharge. However, Federal Rule of Bankruptcy Procedure 4004(c)(1) states that "in a chapter 7 case, on expiration of the times fixed for objecting to discharge and or filing a motion to dismiss the case under Rule 1017(e), the court shall <u>forthwith</u> grant the discharge, except that the court shall not grant the discharge if" (emphasis added) one of the circumstances described in subparagraphs (A) through (L) are present.

An individual debtor's failure to perform her duties under § 521(a)(2) is not one of the grounds identified in subparagraphs (A) through (L) of Rule 4004(c)(1). As the court in *In re McCray* points out, "one of the exceptions contained in Rule 4004(c), in subparagraph (L), specifically relates to one of a debtor's duties under § 521. It states that the court should not

9

forthwith grant a discharge if there is a "motion pending to delay discharge, because the debtor has not filed with the court all tax documents required to be filed under § 521(f)." *McCray*, 578 B.R. at 412. The rule specifically recognizes an instance when the failure to comply with a duty of the debtor under § 521 is a reason to delay entering a discharge. None of the other § 521 duties are listed as meriting this treatment and no reason exists for a court created additional delay. While Rule 4004(c)(1)(K) temporarily prevents a court from granting a discharge if there is a presumption that a reaffirmation agreement filed with the court is an undue hardship and the court has not concluded a hearing on the presumption, a reaffirmation agreement had not been filed when 21st Mortgage filed the Motion to Delay Debtor's discharge.

## Conclusion

Debtor did not file a statement of intention that identifies one of the three available options as her intention with respect to her debt with 21st Mortgage and Debtor's performance of the option (entering a reaffirmation agreement) was delayed until after 21st Mortgage filed the Motion at issue. The Bankruptcy Code supplies a remedy for this. 21st Mortgage's Motion to Delay Debtor's discharge is denied.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**04/10/2019**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 04/11/2019